IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISKANDAR HAKIMOV,

     Petitioner,

v.                                                                                              No. 2:26-cv-00558-KG-GBW

TODD M. LYONS, et al.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Iskandar Hakimov's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 9.  For the reasons below, the Court grants the petition and orders Mr. Hakimov's immediate release.

**I.      Background**

Mr. Hakimov, a native and citizen of Uzbekistan, entered the United States without inspection or parole on December 21, 2024.  Doc. 9 at 1.  He was arrested by the United States Border Patrol on the same day.  *Id.*  On April 10, 2025, he was transferred to the Torrance County Detention Facility in New Mexico, where he remains detained.  *Id.* at 3.  On October 28, 2025, an immigration judge ("IJ") ordered Petitioner removed from the United States but withheld removal to Uzbekistan.  *Id.*  Both parties waived appeal, so the removal order is administratively final.  *Id.*

Petitioner filed this action on February 25, 2026.  Doc. 1.  He argues that his prolonged detention violates 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable.  *Id.* at 23.  He requests immediate release from custody under the least restrictive conditions of supervision.  *Id.* at 24.  The Government

1

opposes the petition, arguing that Petitioner has not "provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Doc. 9 at 10. The Government attached a declaration from ICE that, as of March 5, 2026, "they are in communication with the Department of State regarding charter flights to effectuate 3rd country removals of aliens from central Asian countries." *Id.* at 26.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after issuing a final order for the person to be removed. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During that 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may continue detaining the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; 8 U.S.C. § 1231(a)(6).

Because a statute permitting "indefinite detention of" a noncitizen "would raise" Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future…shrink[s]." *Id.* The remedy for a *Zadvydas* claim is

2

generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

### III. *Analysis*

To start, Petitioner has demonstrated that his removal is not reasonably foreseeable. ICE has detained him for more than six months since his removal order was finalized on October 28. 2025, exceeding *Zadvydas*' six-month presumptively reasonable period. Doc. 9 at 3. An IJ granted withholding of removal to Uzbekistan, his country of citizenship, and ICE has not yet identified any country that has agreed to accept Petitioner. Doc. 9 at 10. As a result, the burden shifts to the Government to show that removal in the foreseeable future is likely.

The Government fails to meet its burden. ICE began to communicate with the Department of State about Petitioner's removal on March 5, 2026. Doc. 9 at 26. ICE's "communication with the Department of State" has remained unanswered for over two months. *Id.* The Government has not shown any other progress. For instance, the Government has not provided the Court with either a timeline or even the name of a country willing to accept Petitioner. *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same). Allowing the Government unlimited time to coordinate between agencies would result in Petitioner's indefinite detention, impermissible under our Constitution.

*IV.*     *Conclusion*

The Court grants the habeas petition, Doc. 1, and orders the Government to release

Petitioner from custody within 24 hours of this Order under reasonable terms of supervision set

forth in 8 U.S.C. § 1231(a)(3).  The Government shall file on the docket a declaration under 28

U.S.C. § 1746 affirming compliance with this Order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.